J. S11001/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
DENNIS A. HOWARD, :
: No. 558 EDA 2015
Appellant :

Appeal from the PCRA Order, January 30, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0000672-2007

BEFORE: FORD ELLIOTT, P.J.E., OTT AND MUSMANNO, JJ.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.: **FILED FEBRUARY 19, 2016**

This appeal by *pro se* appellant is from the dismissal of his second PCRA petition as untimely. Petitioner was convicted of first degree murder and weapons offenses on January 29, 2008, and sentenced the following day to life without parole. This court affirmed the judgment of sentence on September 4, 2009, and our supreme court denied allocator on December 29, 2009.

Appellant filed his first timely petition on July 15, 2010, counsel was appointed, and a full hearing was held. The issue addressed at the hearing, whether trial counsel was ineffective for failing to investigate and assert a defense of diminished capacity at trial, was based on the counselled amended PCRA petition that incorporated the failure to investigate claims in

appellant's *pro se* petition. The petition was denied, and this court affirmed on March 19, 2014. PCRA counsel represented appellant on appeal.

On April 7, 2014, appellant filed this second PCRA petition more than four years after his judgment of sentence became final. The issue presented below and on appeal is whether appellant is entitled to relief pursuant to *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). He alleges that his PCRA counsel was ineffective for failing to argue all of the ineffectiveness and trial errors he listed in his *pro se* PCRA petition.

The PCRA court determined that *Martinez* does not apply as an exception to the timeliness requirements of the PCRA. *Martinez* affords petitioners potential relief within the context of a federal *habeas* proceeding for a procedural default occurring in a state's collateral practice. This may include substantial ineffectiveness of counsel during collateral proceedings. Moreover, as determined by the PCRA court, appellant has failed to allege any facts to establish ineffectiveness pursuant to the *Strickland* standard.[1]

We agree with PCRA court that appellant's petition was properly dismissed as untimely.

Order affirmed.

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984).

J. S11001/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2016